BIRNBERG & ASSOCIATES
CORY A. BIRNBERG (SBN 105468)
1083 Mission Street Third Floor
San Francisco, California 94103
Telephone Number: (415) 398-1040
Facsimile Number: (415) 398-2001
Email: birnberg@birnberg.com

Attorneys for Plaintiff
LORRAINE FERGUSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE FERGUSON,<br><br>        Plaintiff,<br><br>     v.<br><br>HORIZON LINES, INC.; M/V HORIZON ENTERPRISE, its engines, tackle, equipment, furnishings, and machinery, *in rem*; ANDREI A. TRETYAK,<br><br>        Defendants. | Case No. C 11-03391 MEJ<br><br>[~~PROPOSED~~] ORDER GRANTING ADMINISTRATIVE MOTION TO CERTIFY JUDGMENT UNDER F.R.C.P. RULE 54(b) AND CERTIFYING JUDGMENT PURSUANT TO F.R.C.P. RULE 54(b) |

NOW before the Court is Plaintiff's Administrative Motion to Certify Judgment Under F.R.C.P. Rule 54(b). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Plaintiff's Motion is Granted.

NOW COMES the Court and expressly determines that there is no just reason for delay for the entry of judgment and certification pursuant to F.R.C.P. 54 (b) in this matter. The Court finds:

1.      All claims against Horizon Lines have been adjudicated and were addressed in the order granting Summary Judgment in favor of Horizon Lines.

BIRNBERG & ASSOCIATES
1083 MISSION STREET
Third Floor
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

2.    Judgment was entered in favor of Horizon Lines as to all of Plaintiff's claims regarding Horizon Lines on November 14, 2012

3.    There are no counter claims against Plaintiff by Horizon Lines.

4.    The order granting summary judgment in favor of Horizon Lines has been certified for appellate review.

5.    Plaintiff's action against defendant Tretyak remains; however, the action as to Tretyak has been stayed pending the outcome of the appeal against Horizon Lines.

6.    Although Plaintiff's action remains against defendant Tretyak, certification for appeal of the order granting summary judgment pursuant to F.R.C.P. 54(b) in favor of Horizon, **the court expressly determines that <u>there</u> <u>is</u> <u>no</u> <u>just</u> <u>reason</u> <u>for</u> <u>delay</u>** and thus, 54(b) certification is appropriate based upon the following specific findings:

### The Court's Specific Findings For 54(b) Certification

When an action presents more than one claim for relief ... or when multiple parties are involved, the court *may* direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only* if the court *expressly determines* that there is *no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties 'rights and liabilities."

The Court has entered judgment in favor of Horizon Lines. The suit against Tretyak has been stayed pending the outcome of the appeal. The court determines that this judgment against Horizon Lines is a final ruling is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment as to that party or claim." (internal citations and quotation omitted) *Angoss II Partnership v. Trifox Inc.* 2000 U.S.

BIRNBERG & ASSOCIATES
1083 MISSION STREET
Third Floor
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

Dist. LEXIS 3165, 4 (ND Cal. 2000). See also, *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991).

Plaintiff's claims against Horizon are sufficiently separable from those remaining to be adjudicated against defendant Tretyak. Plaintiff alleges Mr. Tretyak directly assaulted her whereas her claims against Horizon Lines are based on a theory of *respondeat superior/vicarious liability*. At issue in the appeal is whether Horizon Lines can be held accountable for the conduct of its seaman as he was returning to the ship from shore leave through the only access point available to him. A resolution as whether the employer or the vessel can be held liable for the conduct of its seaman is separate and distinct from whether the conduct occurred. An appeal from the granting of the summary judgment in favor of Horizon Lines on this issue would be specific as to whether the court erred and would be limited only to Horizon Lines. It would not result in piecemeal appeals.

The judgment in favor of Horizon conclusively resolves Plaintiff's claim against Horizon Lines and it is final in the adjudication. *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F2d 1519, 1524 (9th Cir. 1987) (certification of partial summary judgments); see also *In re Hanford Nuclear Reservation Litig.*, 292 F3d 1124, 1132 (9th Cir. 2002). Based upon our findings of fact and conclusions of law in our decision, the court expressly determines that there is no just reason for delay for entry of judgment and certification under F.R.C.P 54(b) is appropriate as there are no further facts to adjudicate as to Horizon Lines.

The Court has specifically found that there was no vicarious liability claim against Horizon for Tretyak's torts. The Court has previously found the following:

> Ferguson's other claim against Horizon seeks to attach vicarious liability on the company for Tretyak's torts of assault, battery, and false imprisonment. Both parties agree that for Horizon to be vicariously liable, Tretyak's acts must have been committed within the scope of his employment. Horizon argues that regardless

BIRNBERG & ASSOCIATES
1083 MISSION STREET
Third Floor
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

whether maritime law or California law applies, it cannot be held responsible for Tretyak's acts because they were not related to his job. Ferguson, on the other hand, argues that maritime law applies to this dispute, and whether Tretyak's conduct was within the scope of his employment is a question of fact that is proper for a jury to decide. Ferguson bases a large part of her argument on the fact that shore leave for a crew member like Tretyak is 'unlike personal recreational time for non-maritime employees' and is instead an integral part of the job that is within the scope of employment. Opp. at 1.

   There is no need to determine whether to apply maritime or California law to this dispute because under both jurisdictions, as explained below, the Court finds that Tretyak was not acting within the scope of his employment as a matter of law. the Court concludes that even if Tretyak sexually assaulted someone while he was on the ship and working (i.e., he was not on shore leave and consequently there is no dispute whether he was or was not on duty), the Court would still find that such an assault is not within the scope of employment since it would be unrelated to his duties as an employee. *See* 3 Witkin, Summary 10th (2005) Agency, § 190, p. 242 ("Courts generally have held that an employee who sexually assaults a third party is not acting within the scope of employment for purposes of imposing liability on the employer under the doctrine of respondeat superior. *It is immaterial whether the assault occurred at or away from the workplace or when the employee was on or off duty.*
(*Emphasis in original*). Order Granting Defendant's Motion for Summary Judgment, Document #41, pgs. 5-6.

In following California law, this Court found the following:

 With respect to California law, for conduct to be within the scope of employment, it must be "reasonably related to the kinds of tasks that the employee was employed to perform," or "reasonably foreseeable in light of the employer's business or the employee's job responsibilities." CACI 3720. While this determination is usually a question of fact for a jury to determine, it becomes a question of law when the facts are undisputed and no conflicting inferences are possible. *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal.4th 291, 299 (1995). The Court finds the holding in *Lisa M.*, a case that presents analogous issues as those presented here, dispositive to this matter. …

His reasons for sexually assaulting Ferguson did not derive from any events or conditions of his employment and were entirely of his own invention. Due to this, Horizon should not be held responsible for Tretyak's acts which were based on "personal motivations [that] were not generated by or an outgrowth of workplace responsibilities, conditions or events." *Id.* at 302. His sexual assault was "the independent product of [his] aberrant decision to engage in conduct unrelated to his duties. In the pertinent sense, therefore, [his] actions were not foreseeable from the nature of the work he was employed to perform." *Id.* at 303.
Order Granting Motion for Summary Judgment, Document #41, pgs 6-7.

BIRNBERG & ASSOCIATES
1083 MISSION STREET
Third Floor
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

These are, in part, specific findings the court made in its Order on Summary Judgment (Document #41).   In this certification, the appellate court will not be required to address issues that are similar to those claims still pending before the trial court. *Morrison-Knudsen Cteh eo., Inc. v. Archer*, 655 F2d 962, 965 (9th Cir. 1981); see *National Ass'n of Home Builders v. Norton*, 340 F.3d 835, 840 (9th Cir. 2003)]. As such, this court expressly determines there is no just cause for delay.

Certified for review are the claims of the Plaintiff, either under California law or maritime law, that Horizon is vicariously liable for the actions of Tretyak. *Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd.*, 880 F2d 176, 190, fn. 17 (9th Cir. 1989).

This court specifically found and adopted Horizon's arguments whereby:

"if the Court is going to use maritime law rather than California law, then it should employ the vicarious liability test from the Restatement (Second) of Agency §228 (Section 228), as several other courts have done in maritime disputes. *See, e.g.*, *Stoot v. D & D Catering Serv., Inc.*, 807 F.2d 1197, 1200 (5th Cir. 1987).  Under Section 228, "[c]onduct of a servant is within the scope of employment, if, but only if, (a) it is the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master."  Because Tretyak's sexual assault was not related to his work or actuated by any purpose to serve Horizon, the Restatement test also corroborates that Horizon should not be vicariously liable for his conduct."
<u>Order Granting Motion for Summary Judgment</u>, Document #41, pg. 8.

In addition to the Order and Judgment in favor of Horizon, the claim against Horizon, the Court expressly determines that there is no just reason for delay and this case is certified for appeal pursuant to F.R.C.P 54(b) as well as this court's prior order under §1292(b). As previously stated, the Court maintains jurisdiction pending this appeal.

**IT IS SO ORDERED.**

Dated: July 17, 2013

By:_____
Maria Elena James
United States Magistrate Judge

BIRNBERG & ASSOCIATES
1083 MISSION STREET
Third Floor
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001