UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE FERGUSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREI A. TRETYAK, et al.,<br><br>    Defendants. | Case No. 11-cv-03391-MEJ<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: Dkt. No. 84 |

On July 31, 2015, Plaintiff Lorraine Ferguson filed an "Administrative Motion for Sealing Medical Records." Dkt. No. 84. As Plaintiff's motion does not comply with the requirements of Civil Local Rule 79-5(d), it is DENIED WITHOUT PREJUDICE. Further, given that Plaintiff has informed the Court that Defendant Andrei A. Tretyak may be filing a motion to set aside default, and the Court continued the default judgment motion filing deadline accordingly, Plaintiff is advised the Court will not consider a motion to file documents under seal until such time as she files a default judgment motion.

Further, if Plaintiff files a revised motion, she should be mindful of the "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their

1  product-specific financial information were made public"). Indeed, such showing is required even
2  where "the dispositive motion, or its attachments, were previously filed under seal or protective
3  order." *Kamakana*, 447 F.3d at 1179.
4     Thus, Plaintiff should be mindful that the Court will not grant a blanket sealing order but
5  will instead consider only "a limited amount of exceptionally sensitive information that truly
6  deserves protection" under the "compelling reasons" standard of *Kamakana*, outlined by page and
7  line number and including "specific factual findings" for each. *See O'Connor v. Uber*
8  *Technologies, Inc.*, 2015 WL 355496, at *1 (N.D. Cal. Jan. 27, 2015). Plaintiff may seek to redact
9  certain portions of documents if she has compelling reasons, but not her entire "medical records."
10    **IT IS SO ORDERED.**

12  Dated: August 4, 2015

  _____
  MARIA-ELENA JAMES
  United States Magistrate Judge